| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Andrew M Moskowitz** | Social Security number or ITIN **xxx–xx–4843** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of New York** | | Date case filed for chapter  **7   12/16/19** |
| Case number:   **1–19–47539–cec** | | |

## Official Form 309A (For Individuals or Joint Debtors)

## Notice of Chapter 7 Bankruptcy Case

**Revised: 12/17**

For the debtor(s) listed above, a case has been filed under Chapter 7 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines.  Read both pages carefully.

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.  Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | About Debtor 1: | About Debtor 2: |
|---|---|---|
| **1. Debtor's Full Name** | Andrew M Moskowitz | |
| **2. All other names used in the last 8 years** | | |
| **3. Address** | 76–34 Kneeland Avenue Elmhurst, NY 11373 | |
| **4. Debtor's Attorney** Name and address | Anthony M Vassallo Law Office of Anthony M. Vassallo 305 Fifth Avenue Suite 1B Brooklyn, NY 11215 | Contact Phone (917) 862–1936 Email: amvassallo@gmail.com |
| **5. Bankruptcy Trustee** Name and address | Lori Lapin Jones Lori Lapin Jones PLLC 98 Cutter Mill Road Suite 201 North Great Neck, NY 11021 | Contact Phone (516) 466–4110 Email: ljones@jonespllc.com |
| **6. Meeting of Creditors** | **January 16, 2020 at 10:30 AM** | Location: **271–C Cadman Plaza East, Room 2579 – 2nd Floor, Brooklyn, NY 11201–1800** |
| **7. Deadlines** The Bankruptcy Clerk's Office must receive these documents and any required filing fee by the following deadlines. | **Deadline to Object to Discharge or to Challenge Whether Certain Debts are Dischargeable:** **You must file a Complaint:** • if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or • if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6). | **Filing Deadline: 3/16/20** **You must file a Motion:** • if you assert that the discharge should be denied under § 727(a)(8) or (9). |
| | **Deadline to Object to Exemptions:** The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing Deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **8. Presumption of Abuse** | If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. The presumption of abuse does not arise. | |
| **9. Bankruptcy Clerk's Office** Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | Address of the Bankruptcy Clerk's Office: 271–C Cadman Plaza East, Suite 1595 Brooklyn, NY 11201–1800 Clerk of the Bankruptcy Court: Robert A. Gavin, Jr. | Hours Open: Monday – Friday 9:00 AM – 4:30 PM Contact Phone (347) 394–1700 Date: 12/18/19 |

**For more information, see page 2 >**

| **10.** **Legal Advice** | The staff of the Bankruptcy Clerk's Office cannot give legal advice. To protect your rights, consult an attorney. |
|---|---|
| **11. Creditors May Not Take Certain Actions** | The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay. |
| **12.** **Meeting of Creditors** | A meeting of creditors is scheduled for the date, time and location listed on the front side. Debtors must attend the meeting to be questioned under oath by the trustee and by creditors. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| **13. Proof of Claim** | Deadline for holder(s) of a claim secured by a security interest in the debtor(s)' principal residence (Rule 3002(c)(7)(A)):          **Filing Deadline: 02/24/2020**<br><br>No property appears to be available to pay creditors. Therefore, other than claims secured by a security interest in the debtor(s)' principal residence, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the Clerk will send you another notice telling you that you may file a proof of claim and stating the deadline.<br><br>***Do not include this notice with any filing you make with the court.*** |
| **14. Discharge of Debts** | The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the Bankruptcy Clerk's Office within the deadlines specified in this notice. (See line 7 for more information.) |
| **15. Exempt Property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the Bankruptcy Clerk's Office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The Bankruptcy Clerk's Office must receive the objection by the deadline to object to exemptions in line 7. |
| **16. Creditors with a Foreign Address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **17. Option to Receive Notices Served by the Clerk by Email Instead of by U.S. Mail** | 1) The Electronic Bankruptcy Noticing (EBN) Program is open to all parties. You can register for EBN at the BNC website https://bankruptcynotices.uscourts.gov/, or<br>2) Debtors can register for DeBN by filing local form "Debtor's Electronic Bankruptcy Notice Request" with the Clerk of Court. **Both options are FREE and allow the Clerk to quickly send you court–issued notices and orders by email**. |
| **18. Undeliverable Notices** | Undeliverable notices will be sent by return mail to the debtor. It is the debtor's responsibility to obtain the parties correct address, resend the returned notice, and notify this office of the parties change of address. Failure to provide all parties with a copy of the notice may adversely affect the debtor as provided by the Bankruptcy Court. |
| **19. Form 121 Statement of Social Security #** | The debtor or debtor's attorney is required to bring a paper copy of the petition with full social security number displayed to the first meeting of creditors. |
| **20. Personal Financial Management Course** | In order to receive a discharge, the debtor must complete a Personal Financial Management Course and must file a Certification About a Financial Management Course (Official Form 423) within 60 days after the first date set for the section 341 meeting. If the Certification About a Financial Management Course is not filed within the allotted time, **a discharge will not be issued and the case will be closed.** |